JACK B. MCCOWAN, JR. (SBN: 062056)
JUAN D. WALKER (SBN: 208008)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
ROBERT BOSCH TOOL CORPORATION
and HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| RAMZ ALI, | CASE NO. 1:07-CV-01867-AWI-GSA |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| ROBERT BOSCH TOOL CORPORATION, ET AL., | |
| Defendants. | |

**1.   PURPOSES AND LIMITATIONS**

The parties stipulate that disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

**2.   DEFINITIONS**

2.1.   Party: Any party to this action, including all of its present or past officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

-1-
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

   2.2. <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3. <u>"Confidential" Information or Items</u>:  Information (regardless of how generated, stored or maintained) or tangible things for which confidential treatment is designated by a party or non-party pursuant to the provisions of the Stipulated Protective Order.  This includes all information and data obtained, downloaded or printed from Robert Bosch Tool Corporation or Home Depot U.S.A., Inc's computer equipment and photographs taken of said computer equipment.

   2.4. <u>Receiving Party</u>:  A Party that receives disclosure or discovery material from a producing party.

   2.5. <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

   2.6. <u>Designating Party</u>:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

   2.7. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "Confidential."

   2.8. <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   2.9. <u>House Counsel</u>:  Attorneys who are employees of a Party.

   2.10. <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

   2.11. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

PDF created with pdfFactory trial version www.pdffactory.com

2.12.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order ("Order") cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1.   Manner and Timing of Designations:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

5.1.1.   For information in documentary form (apart from transcripts of depositions and other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential Information" at the top of each document.  For documents disclosed before execution of this Order, the parties agree that such documents may be designated "CONFIDENTIAL" pursuant to the terms of this Order.

5.1.2.   For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to

PDF created with pdfFactory trial version www.pdffactory.com

protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order. During this 20-day period, all deposition testimony will be treated as "CONFIDENTIAL." Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    5.1.3. <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

   5.2. <u>Inadvertent Failures to Designate</u>: As a supplement to Section 5.1(a), if timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  **6.**  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   6.1. <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

PDF created with pdfFactory trial version www.pdffactory.com

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2. <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in writing only; oral communications are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3. <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

    The burden to persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1. <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of

-5-
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential Information" only to:

7.2.1. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A;

7.2.2. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exh. A);

7.2.3. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exh. A);

7.2.4. The Court and its personnel;

7.2.5. Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exh. A);

7.2.6. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exh. A).

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

-6-
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment And Agreement To Be Bound" (Exh. A).

## 10. **FILING PROTECTED MATERIAL**

All documents filed with the Court for any purpose which include information designated as "CONFIDENTIAL" shall be filed in accordance with Local Rule 39-141.

## 11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this action, each Receiving Party must return all Protected Material

PDF created with pdfFactory trial version www.pdffactory.com

to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, analyses, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and expressly excludes material which qualifies as work product protected by the attorney work product privilege.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, analyses, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material for the purpose of keeping a legal file. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 above.

**12.  MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

///
///
///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the materials covered by this Protective Order.

**IT IS SO STIPULATED, AND APPROVED THROUGH COUNSEL OF RECORD.**

Dated: March 17, 2008          GORDON & REES LLP


By: /s/ Jack B. McCowan, Jr.
 JACK B. McCOWAN, JR.
 Attorneys for Defendants
 ROBERT BOSCH TOOL CORPORATION
 and HOME DEPOT U.S.A., INC.

Dated:  March 17, 208          LAW OFFICES OF EDWARD B. CHATOIAN


By:/s/ Edward B. Chatoian
 EDWARD B. CHATOIAN
 Attorneys for Plaintiff RAMZ ALI


**IT IS SO ORDERED.**

Dated : April 3, 2008          Gary S. Austin
          The Honorable Gary S. Austin
          United States Magistrate Judge

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have received, read in its entirety and understand this Stipulated Protective Order. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

PDF created with pdfFactory trial version www.pdffactory.com